## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| DOUGLAS ROBINSON, Board of Trustees Chairman, and DAVID THARP, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA REGIONAL COUNCIL OF CARPENTERS PENSION TRUST FUND, et al., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | 2:09 CV 242 |
| v. | ) ) | |
| DOUG & STEVE CONSTRUCTION, INC. and TERRY E. SAMMONS, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Northwest Indiana Regional Council of Carpenters Pension Trust Fund, Indiana/Kentucky Regional Council of Carpenters Defined Contribution Pension Trust Fund, Indiana Carpenters Welfare Fund, Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program, United Brotherhood of Carpenters Apprenticeship Training Fund of North America, and Indiana/Kentucky Regional Council of Carpenters' (collectively "Carpenters") Motion for Default Judgment. [DE 11]. Because there is a discrepancy between the dates stated in the amount prayed for in the Complaint and the Carpenters' Motion for Default Judgment, this Court **DENIES** the Motion for Default Judgment, and **ORDERS** the Carpenters to explain the discrepancy.

## BACKGROUND

This action arises under the Employee Retirement Income Securities Act of 1974 ("ERISA"). [*Id*. at 2]. The Carpenters filed their Complaint with this Court on August 17, 2009

[DE 1], seeking payment due to them under a collective bargaining agreement, Plaintiff Trust Funds' Agreements and Declarations of Trust. [*Id*. at 3]. Specifically, the Complaint states that Defendants Doug & Steve Construction Inc. and Terry Sammons, president of Doug & Steve Construction (collectively "Doug & Steve), failed to submit monthly reporting forms and failed to pay the delinquent contributions owed to the Plaintiff Trust Funds "for the period of January 1, 2009 through the present date." [*Id*]. Summonses were issued to Defendants Doug & Steve Construction and Terry E. Sammons, and they were served via certified mail on November 6, 2009. [DE 4, 6 and 7].

On December 15, 2009, Clerk's Entry of Default was granted in Carpenters' favor against Doug & Steve for failure to plead or otherwise defend this suit as provided by Federal Rule of Civil Procedure 55(a). [DE 10]. The Carpenters then filed a Motion for Default Judgment on December 17, 2009. [DE 11]. The motion asks this Court to order Doug & Steve to pay damages "for the period of January 1, 2007 through December 31, 2007." [*Id*. at 2]. The Carpenters have submitted three affidavits to prove damages. [DE 11-2, 11-3, 11-4]. The affidavits claim that the Carpenters suffered damages in the amount of $8,248.16 ($6,318.95 in principal contributions, interest, liquidated damage and late assessments; $335.81 in delinquent Union deductions, interest and liquidated damages; and $1,225.00 and $368.40 in attorneys' fees and costs) during the damages period from January 1, 2007 through December 31, 2007. [*Id*.]

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d

933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. FED. R. CIV. P. 55(a). Because the clerk has already entered default against Defendants in this case, this Court may now enter a default judgment under Rule 55(b)(2).

Courts may consider a number of factors when deciding a motion for default judgment including whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have. *Wolf Lake*, 433 F. Supp. 2d at 941; *see also* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed.). Here, the grounds for default are clearly established. This case has been pending since September, yet Doug & Steve have shown no intention to respond to the Complaint in the over two and half months since they were served. Therefore, the default is not simply a technicality. Moreover, there are few material issues of fact, the amount of money involved is relatively small and the Carpenters will be prejudiced by any further delay in judgment. Thus, all of the factors weigh in favor of default judgment.

A default judgment establishes, as a matter of law, that a defendant is liable to a plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). When a court determines that a defendant is in default, all well-pleaded allegations of the complaint will be taken as true. *Id*. at 605.

But those allegations relating to the amount of damages suffered must be proven. *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994). Before the entry of default judgment, Rule 55(b)(2) provides that the district court may conduct such hearings or make referrals as it deems necessary and proper to determine the amount of damages. FED. R. CIV. P. 55(b)(2). For

example, the Court may direct an accounting. *See id*. Such proceedings are unnecessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *E360 Insight*, 500 F.3d at 602.

Here, the Carpenters support their damages claims with three detailed affidavits. But questions remain as to the proper damages period. The Complaint indicates that the damages period is from January 1, 2009 through the present. [DE 1.] But the Carpenters' default judgment motion and the accompanying affidavits define the damages period as January 1, 2007 through December 31, 2007. [DE 11]. Thus, because the affidavits verifying the Carpenters' damages do not match up with the time period alleged in the Complaint, they have not met their burden of proving the damages they have sustained.

## CONCLUSION

For the foregoing reasons, the Carpenters' Motion for Default Judgment is **DENIED WITH LEAVE TO RE-FILE**. [DE 11.] The Carpenters are **ORDERED** to explain the discrepancy between the relief prayed for in the Complaint and the damage award it claims in its Motion for Default Judgment. If the discrepancy is the result of a typographical error in the Complaint, the Carpenters may file a supplemental pleading so advising the Court.

**SO ORDERED**.

ENTERED: January 28, 2010

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT